But
the Court
were clear that this action was not maintainable, though the case stated appeared to be a meritorious one.
What is the present case ? An heir of an estate administered in the insolvent course, and found to be insolvent by the proceedings in the Probate Court, (a) seeks to recover from the administrator a certain sum, i. e. her part of the balance *41 that would remain if the administrator had faithfully administered and had accounted, as he was bound to do, for certain property he held as trustee for the intestate.
When Arms became administrator, he in that capacity became interested in the contract which has been stated. As a private individual or creditor, he had a right to enforce payment or performance on Henry’s- part; and as administrator was bound to pay; this being done, it immediately became his duty as administrator to do what any other person acting as administrator ought to have'-done, namely, convert the land into money, and satisfy the claims on the estate, and all charges, and pay over the residue „to the heirs at law. He held this land as trustee ; but it was- a,.trust coupled with the office of administrator. lie stood in the same situation as any other administrator would haye, -done, if conveyance of the land had been made to him in that capacity. He was under the same obligation, and no greater, to realize the value of this land, as a stranger, if appointed administrator, would have been, to realize the value of the contract or the intestate’s interest in it. He could not, as administrator, sue upon the contract, but his obligations and duties are the same as if he had realized the full effect of a suit, i. e. acquired a title to the land for the purpose of administering on it.
No- suit can be maintained against the administrator of an insolvent estate by an heir, for the best of all reasons, namely, because there is no estate for the heirs', it having been ascertained, by a court of competent authority, that there is not enough to satisfy the creditors whpse claims are liquidated.
No action can be maintained by an heir against the administrator of an estate administered in - the solvent or insolvent course, till there is a decree in his favor in the Probate Court.
The ground of both these principles of law is the same, namely, that the settlement of all estates of persons deceased intestate exclusively belongs to the Probate Court. No other court is competent to make such settlement, and to determine what belongs to the heirs. Before this can be done, the charges of administration must be liquidated, the claims of *42 creditors adjusted, and the estate of the deceased ascertained. It is saying nothing in dispraise of courts of common law to say that they are altogether incompetent to the task. If they were [to make the attempt], it would lead to endless litigation. Every creditor and every heir would be under the necessity of travelling over the whole ground. There might in many cases be five hundred verdicts upon as many different principles.
When the proceedings of a probate court are produced in a court of common law, they are to be received as just and true, and cannot be impeached. The reasons are obvious. If courts of common law are incompetent to do the business of the probate courts, they must be equally incompetent to re-examine, revise, and correct them. From the nature of the thing it is evident that the decrees of the Probate Court must be conclusive to everybody as to every part.
Here the plaintiff not only can produce no decree or proceedings of the Probate Court on which to found her right of action, but there is a decree against her. By these proceedings it appears that the estate of Robert Henry, the intestate, is really insolvent. If this suit is to recover back a seventh of the $486.13 adjudged to Arms as his proportion or dividend, a recovery in this action falsifies that adjudication, (a)
It may be said that this,action is maintainable on the same ground on which Moses v. Macfarlane, 2 Burr. 1005, was supported. Evans, 91; 2 H. Bl. 402 ; 7 T. R. 269. The authority of that celebrated case is shaken, if not overturned, by later decisions. But, supposing it to be good law, it by no means goes the length of supporting the present action. The ground of the decision there was that Moses could not go into his defence in the court of conscience. If he could have so done, he would not have been allowed to recover back money on ground which he might have taken to prevent the recovery.
But here there is no color for saying that the heirs of Henry could not have resisted this claim before the commissioners, or in a court of law, if unjust, or have compelled Arms to have accounted for the present value of the land in Vermont. It *43 may be said they bad no notice. They might have filed a •caveat. Besides, it is sufficient for us that the law has made provision that notice should be given, and we must take it for granted that the law has been complied with.[1] If no notice in fact were given, perhaps the decree may be opened in the Probate Court, and revised.
If this suit is to recover a seventh part of the money received by Arms for the land in Vermont, it is not maintainable, because it in that case falsifies the proceedings in the Probate Court; it shows that there was more estate of the deceased than what was accounted for. (a) But if it does not falsify the administration account already settled, yet it goes upon the ground that the settlement was not complete, and it is in effect making the administrator account for part of the deceased’s estate in a court of common law. (b) If we view Arms as administrator, then the proceeds of the Vermont lands are assets, and to be administered as such, — that is to say, to pay creditors in full, then to heirs, — and the administrator is only answerable in the Probate Court, at least so far as goes to liquidating claims of those entitled as heirs.
But if we consider the defendant not as administrator, but as a trustee, in this case the heirs must look to him through the administrator. Heirs cannot maintain a personal action except in the name of the personal representative, (c)
*44 The action Caldwell v. Gibson, Rockingham, September Term, 1801, 3 Manuscript Reports, 385, was decided upon these principles. There Gibson, who was executor, took real estate by deed expressly to account with the heirs of the deceased. It was determined that he must account in the Probate Court, and was not liable to an action by the heirs.

The plaintiff became nonsuit; and the Court ordered that no costs be taxed for defendant at the two last Terms.

[1]

 And the ease will not he varied if we consider the defendant, not as administrator, but a trustee, or a person bound by contract with the intestate to account with him, or his heirs or personal representatives, for the value of certain lands, or to convey those lands.

 On the merits, there seems no reason for recovering hack any part of Arms’s dividend. Defendant has a legal and equitable right to retain it.

 As it respects heirs, courts of common law can take no notice of personal estate not found administered upon in the Probate Court. The administrator is bound to account for all the personal estate. When he has accounted, courts of law must presume that he has accounted ior the whole.

 And here, doubtless, is a remedy in the Probate Court, calling on Arms to account for the proceeds of sale. If he refuse, his bond is forfeited. If he account, and refuse to pay over, his bond is forfeited.

 Heirs cannot sue a debtor of the estate. They must look to the administrator, and he to the debtor; and, if he neglect his duty, he is chargeable for waste. Hero Arms was answerable as administrator, in his administration account, for whatever he was indebted to the deceased, or for whatever he held in trust for the deceased, or for whatever property he received as administrator or held in that character for those interested in the estate. He was bound to account for all such sums as the administrator, if a different person, might have recovered against him.

 But see Symmes v. Libbey, reported post.

 The Probate Court alone has original jurisdiction of the settlement of administration accounts. Judge of Probate v. Lane, 1871, 51 N. H. 342, and cases there cited, 347, 348.
A guardian cannot maintain an action against his ward for money advanced or services rendered as guardian, until he has settled j] his guardianship account in the Probate Court. Smith v. Philbrick, 1821, 2 F. H. 395. For can the ward, until after such settlement, maintain an action against the guardian for money in his hands. Critchett v. Hall, 1876, 56 N. H. 324; and hence the guardian cannot, until after settlement, be charged in foreign attachment as trustee of his ward. Davis v. Drew, 1833, 6 N. H. 399.
Where one who has given a promissory note is subsequently, as an insane person, placed under the guardianship of the payee, the latter may, after the termination of the guardianship, maintain an action on the note against the payor, although there has been no settlement of the guardianship account. Smith v. Davis, 1864, 45 N. H. 566.
The land of a ward was sold by his guardians under a supposed license, and the purchase-money charged to the guardians in the settlement of their account. The sale was afterwards vacated by the ward on account of a defect in the license, and the guardians were compelled to refund to the purchaser of the land. Held, that the guardians, after the expiration of their trust, might maintain an action for money had and received against the ward, to recover back the sum charged them on the settlement of their account. Burleigh v. Bennett, 1837, 9 N. H. 15.
Where one has been appointed guardian of a minor in a foreign country, and received money belonging- to the ward, and then both removed to this State, the ward, after she has become of age and the relation of guardian and ward has ceased to exist, may maintain an action for money had and received against the guardian, to recover the money in his hands. Pickering v. De Rochemont, 1863, 45 N. H. 67.
If the estate of the guardian is insolvent, and his sureties are irresponsible, the ward may, before the settlement of the guardian’s account, bring a bill in equity to recover such part of the estate as he can trace. Hill v. McIntire, 1859, 39 N. H. 410.